UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KAHIEM MADDOX                                    Index No.:

           Plaintiff,                         **COMPLAINT**

        *-against-*                            **PLAINTIFF DEMANDS
                                                 TRIAL BY JURY**

POLICE OFFICER ALLAN WARD, *Shield No.:31333*

           Defendant,
-----------------------------------------------------------------X

Plaintiff, KAHIEM MADDOX, by his attorneys, Kenneth J. Montgomery, PLLC., complaining of the defendant, Police Officer ALLAN WARD ("Defendant P.O. WARD") and upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, KAHIEM MADDOX, seeks relief for the defendant's violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a thirty year old African-American male citizen of the United States residing in Kings County, New York.

6. Defendant P.O. WARD was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. WARD acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

7. On February 19, 2015 at approximately 3:30 in the afternoon, Plaintiff was walking in the vicinity of St. Marks and East New York Avenue in Brooklyn.

8. As Plaintiff walked he observed a black car that appeared to be following him.

9. Inside the car were Defendant P.O. WARD and Police Officer John Doe ("P.O. John Doe").

10. Defendant P.O. WARD shouted from the car for Plaintiff to stop but did not immediately identify himself as a police officer.

11. Plaintiff, not recognizing the plain clothes officer as an agent of law enforcement, ignored Defendant P.O. WARD's order and continued walking.

12. P.O. John Doe sped up and stopped the car ahead of Plaintiff and both officers got out of the car.

13. Defendant P.O. WARD approached Plaintiff and questioned Plaintiff about an object that he claimed to have seen him throw. Plaintiff denied throwing anything.

14. Defendant P.O. WARD then demanded that Plaintiff remove the contents of his pockets.

15. Plaintiff responded that he had a small amount of marijuana in the pocket of his coat. Plaintiff produced the marijuana and handed it over to Defendant P.O. WARD.

16. Defendant P.O. WARD then placed Plaintiff in a police vehicle and the two officers began to canvas the vicinity.

17. Approximately fifteen (15) minutes later the Defendants returned to the car. At this moment, Plaintiff observed that they came upon the car from the opposite direction in which he had been walking – ahead of where he was initially stopped.

18. Defendant P.O. WARD showed Plaintiff a gun that one of the officers had apparently retrieved and claimed that this was the gun that he had seen Plaintiff throw. Plaintiff immediately observed that the gun appeared to be broken. He denied any knowledge of the

weapon and pointed out that the area where the officers retrieved the gun was ahead of where they had stopped him and thus an unlikely place for him to have tossed anything.

19. The defendant and P.O. John Doe then transported Plaintiff to Police Service Area 2 where P.O. Ward filed a sworn criminal complaint alleging that he saw Plaintiff "throw" a firearm to the ground and that he retrieved said firearm.

20. Defendant P.O. Ward charged Plaintiff with Criminal Possession of a Firearm and Criminal possession of a Weapon in the Second and Forth degree.

21. Plaintiff was processed and detained for approximately four hours before being transported to Central Booking. Plaintiff remained at Central Booking for approximately twenty-four (24) hours.

22. At Plaintiff's arraignment, on February 20, 2015, bail was set at $10,000. Plaintiff, who is indigent, was unable to produce the necessary funds.

23. Subsequently, Plaintiff was transported to Riker's Island, where he remained until being brought before a Grand Jury on the morning of February 25, 2015.

24. The Grand Jury found No True Bill and Plaintiff was immediately released.

25. Plaintiff spent a total of six (6) days in custody.

26. All charges against Plaintiff were dismissed on March 23, 2015.

27. During the events described above, Defendant P.O. WARD lacked probable cause to charge Plaintiff with Criminal Possession of a Firearm or Criminal Possession of a Weapon in any degree.

28. During the events described above, Defendant P.O. WARD acted purposely, maliciously and with callous disregard for Plaintiff's rights.

29. During the events described above, Defendant P.O. WARD acted under color of State law, and deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to be free from malicious prosecution.

30. As a direct and proximate cause of the acts of the Defendant P.O. WARD, Plaintiff suffered the following injuries and damages.

    A. Unwarranted and malicious criminal prosecution;

    B. Deprivation of liberty; and

    C. Denial of equal protection under the law.

## AS FOR A CAUSE OF ACTION

## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of Defendant P.O. WARD were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by Defendant P.O. WARD in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

35. The acts complained of deprived Plaintiff of his rights:

    A. To be free from unwarranted and malicious criminal prosecution;

    B. To be free from deprivation of liberty without due process of law; and

    C. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one hundred thousand dollars ($100,000) in compensatory damages, two hundred and fifty thousand dollars ($250,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 11/02/2015
      Brooklyn, NY

By: _____
Alexis G. Padilla, Esq. [AP8285]
Of Counsel to Kenneth J. Montgomery, PLLC.
*Attorneys for Plaintiff*
*Kahiem Maddox*
198A Rogers Avenue
Brooklyn, NY 11225
718-403-9261