UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KAHIEM MADDOX,

                              Plaintiff,

      -against-

POLICE OFFICER ALLAN WARD, *Shield No.: 31333*,

                              Defendant.
------------------------------------------------------------------------X

15-CV-6268 (WFK)(RER)
**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT OFFICER ALLAN WARD**

**JURY TRIAL DEMANDED**

        Defendant Police Officer Allan Ward, Shield No. 31333 ("P.O. Ward"), by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the complaint dated November 2, 2015 (the "Complaint"), respectfully alleges, upon information and belief, as follows:

        1.        Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.        Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3.        Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

        4.        In response to the allegations set forth in paragraph "4" of the Complaint states that this paragraph is a jury demand and does not require a response.

        5.        Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

        6.        Denies the allegations set forth in paragraph "6" of the Complaint,

except admits only that, on or about February 19, 2015, Defendant PO Ward was employed by the City of New York as a police officer and that plaintiff purports to proceed as stated therein; insofar as it contains conclusions of law, no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that Defendant PO Ward was in a car on February 19, 2015 at approximately 3:00 pm.

10. Denies the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that Defendant PO Ward approached plaintiff and questioned plaintiff about an object he observed plaintiff throw and plaintiff denied throwing the object.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that plaintiff told Defendant PO Ward that he was in possession of

marijuana.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits Defendant PO Ward transported plaintiff to PSA 2, signed a criminal complaint and respectfully refers to the criminal complaint for an accurate recitation therein.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the

Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

30. Denies the allegations set forth in paragraph "30" of the Complaint, inclusive of its sub-parts "A-C."

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendant PO Ward repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth therein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint, inclusive of its subparts "A-C."

**FIRST AFFIRMATIVE DEFENSE:**

36. The Complaint fails to states a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

37. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendant PO Ward.

**THIRD AFFIRMATIVE DEFENSE:**

38. Plaintiff provoked any incident.

**FOURTH AFFIRMATIVE DEFENSE:**

39. There was probable cause for plaintiff's arrest, detention, and prosecution.

**FIFTH AFFIRMATIVE DEFENSE:**

40. Defendant PO Ward did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**SIXTH AFFIRMATIVE DEFENSE:**

41. Defendant PO Ward did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, he is protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

42. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE:**

43. At all times relevant to the acts alleged in the Complaint, Defendant Ward acted reasonably in the proper and lawful exercise of his discretion.

**NINTH AFFIRMATIVE DEFENSE:**

44. Punitive damages cannot be recovered against the Defendant PO Ward, and, if available, such damages shall be limited by applicable states and federal law, including due process and other provisions of law.

**WHEREFORE**, Defendant Police Officer Allan Ward requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 26, 2016

                        ZACHARY W. CARTER
                        Corporation Counsel of the
                           City of New York
                        *Attorney for Defendant Ward*
                        100 Church Street
                        New York, New York 10007
                        (212) 356-2386

                        By:     /s/
                             Suzanne E. Aribakan
                             *Senior Counsel*

TO:    **VIA ECF**
       Alexis Padilla, Esq.
       *Attorney for Plaintiff*